### FOSTER et al. v. SOVEREIGN CAMP, W. O. W.*
### No. 4686.

Court of Appeal of Louisiana. Second Circuit.
March 29, 1934.

Theus, Grisham, Davis & Leigh, of Monroe, for appellant.

Hudson, Potts & Bernstein, of Monroe, for appellee.

MILLS, Judge.

We find in the record the following written opinion of the learned trial judge:

"This is a suit for recovery under an insurance policy with the defendant. The only defense is that at the time of death the insured was suspended for nonpayment of one month's dues (Aug. 1932) the rules of the defendant providing the policy would not be in force if deceased was suspended due to nonpayment of a month's dues.

"The deceased had been a member in good standing and had paid monthly dues under the policy for about twenty years.

"In 1931, the deceased was unable to pay the August dues and to keep him from being suspended a Mr. Wright, the Collecting Sect. of the defendant association paid the August 1931 dues out of his own personal and private funds. Seeing that deceased would be unable to continue to pay the monthly dues plaintiff, Mrs. Foster, wrote to the defendant association and asked for a statement of deceased's dues so she could keep same paid up. The defendant wrote to her advising the dues were paid up through and including August 1931. She then mailed to Mr. Wright, the collecting Sect. and agent of the defendant, a check for several months' dues. This check is in evidence and was payable to Wright as Sect. and agent of the defendant. Wright cashed the check and instead of remitting to the defendant the full amount for future dues deducted the amount he had advanced for payment of deceased's August 1931 dues. Mrs. Foster continued to make payments in advance for the monthly dues, her last check being in June 1932 and (less the amount deducted by Wright from the first check), paid the dues up to and including July 1932. The deceased died in September 1932 after August dues were due but prior to any dues for September being due. These facts are shown by the evidence and admitted by all parties to the suit. The sole question being as to whether the money deducted by Wright was wrongfully deducted thereby leaving a credit which would cause the deceased's dues to be paid an additional month in advance thus making the August 1932 dues paid. The check, from which Wright made the deduction, was made payable to Wright as an officer and agent of the defendant (See check filed in evidence) and when Wright endorsed and cashed this check the funds came into his possession as agent of the defendant and the said funds at said time became the funds of the defendant, and in its possession. Clearly Wright had no right to use any portion of these funds to repay a private debt to himself or to use them for any other purpose than that for which they were received. Clearly therefore the month's dues which he

*Rehearing denied May 4, 1934.

deducted, after cashing the said check, were funds of the defendant; had been received by it through him as agent and due credit should be given on the policy. Therefore the evidence shows that all monthly payments due at time of the death of the assured had been paid and he was wrongfully suspended. There should be judgment against the defendant as prayed for. This policy was originally made with the plaintiff Mrs. Della Dickerson as beneficiary but at a subsequent date deceased requested that Mrs. Foster (the other plaintiff) be substituted as beneficiary this, it appears from the evidence, the defendant never approved and for. that reason the judgment should be in favor of the plaintiff Mrs. Della Dickerson and against the defendant for the full amount of the policy and all costs.

"D. I. Garrett
"Judge 4th Dist. Court."

The opinion is manifestly correct unless defendant is released from liability by the action of Mrs. Foster, agent for deceased, in accepting of Wright, collecting secretary for defendant, receipts which show him to be properly suspended for failure to pay, the dues for August, 1932. Defendant has filed in this court a plea of estoppel based on this ground. There is no attempt to prove any express consent or ratification or even any knowledge of the diversion of the funds beyond the wording and acceptance of the receipts. All checks and receipts were transmitted by mail without any other communication.

The facts are not disputed that Wright paid Dickerson's dues for August, 1931, amounting to $1.80, without informing any one of that fact; that Mrs. Foster had no knowledge of Dickerson's standing with the Sovereign Camp beyond that gleaned from its letter of October 20, 1931, informing her that he was in arrears for the month of September. Acting upon this information she, on October 26, sent Wright her check for $5.40 payable to him as "Clerk W. O. W.," and exhibiting on its face the notation, "Payment for Sept., Oct. & Nov. dues for L. H. Dickerson." For this payment Wright sent his receipt for "Monthly Installment No. 8–9–10"; whereas the payments were expressly made for the months September, October, and November. This discrepancy was not due to any error on the part of Wright, but to the fact that he, without authority or instruction, converted to his own use $1.80 to reimburse him for the August dues he had paid for Dickerson. Mrs. Foster, not noticing the error and going by the receipt, indorsed her next check, dated November 28, 1931, "Dues for L. H. Dickerson, W. O. W., for 4 months, Nov., Dec., Jany. & Feby.," thus on the face of her checks paying the November dues twice. Subsequent checks of Mrs. Foster's read for March, April, and May, her last, dated June 29, 1932, for $3.60, is indorsed, "For W. O. W., for L. H. Dickerson," without naming the months, and in sequence carried the payments through June and July according to the notations, and through July and August according to amounts.

Wright not having informed the company that he had retained one month's dues out of the payments, Dickerson, at the time of his death in September, 1932, stood suspended for the dues of August, which suspension, if legal, would bar recovery by his beneficiary.

■ The lower court correctly found that the suspension was not legal for the reason that a sufficient amount to cover the August dues had been paid to the accredited agent of the company, who was without right or authority to retain any part of it for his personal benefit.

■ The plea of estoppel must fail for the same reason. When the first check of October 26, 1931, was cashed, according to its specific terms the money realized immediately became the money of the Camp. It could not be legally diverted to the personal use of Wright without the consent, express or implied, of the Sovereign Camp of the Woodmen of the World. Estoppel as to Dickerson, even if well founded, could not affect the situation.

We find the judgment appealed from, in favor of plaintiff, correct; and it is accordingly affirmed.